United States District Court
Southern District of Texas
**ENTERED**
March 09, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERIC DE LA GARZA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-194 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 8, 2021, Petitioner Eric De La Garza filed a petition for a writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On February 15, 2022, Respondent Bobby Lumpkin ("the State") timely filed a response to the petition. Dkt. No. 17.

After reviewing the record and the relevant case law, it is recommended that De La Garza's petition be denied as substantively meritless.

## I. Background

### A. Factual Background

On November 14, 2018, a state grand jury, sitting in Cameron County, Texas, indicted De La Garza for two counts of aggravated sexual assault of a child and three counts of indecency with a child involving sexual contact. Dkt. No. 15-1, pp. 5-6.[1]

On March 18, 2019, De La Garza entered into a plea agreement with the State. Dkt. No. 15-1, pp. 11-14. De La Garza agreed to plead no contest to the "lesser included offenses of aggravated sexual assault of a child (2 counts) and indecency with a child (1 count." Id., p. 13. In exchange, the State agreed to recommend a sentence of 25 years on the aggravated sexual assault charges and 20 years for the indecency charge, all to be served concurrently. Id. The State agreed to dismiss the remaining counts of indecency with a child. Id.

---

[1] The page numbers refer to the Bates-stamped page numbers at the bottom center of each page.

As part of the plea agreement, De La Garza signed a paper stating that he understood that for the counts of aggravated sexual assault, he faced a sentence of "not more than 99 years or less than 5 years," and that for the counts of indecency with a child, he faced a sentence of "not more than 20 years or less than 2 years." Dkt. No. 15-1, p. 12.

On that same day, De La Garza was sentenced to 25 years of incarceration on each count of aggravated sexual assault and 20 years for indecency with a child, all to be served concurrently, in accordance with the plea agreement. Dkt. No. 15-1, p. 7.

No direct appeal was ever filed.  Accordingly, the conviction became final on April 17, 2019, when the period to file a direct appeal expired. TEX. R. APP. PROC. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).

**B. State Habeas Petition**

De La Garza filed three state habeas petitions.

On August 19, 2019, De La Garza filed his first petition, alleging that he was coerced into a plea agreement; his counsel was ineffective for not allowing him to go to trial; his lawyer breached attorney-client privilege in conversations with friends and family; and he was denied a speedy trial. Dkt. No. 15-1, pp. 71-79.  On March 30, 2021, the petition was dismissed after De La Garza asked that the petition be withdrawn without prejudice. Dkt. No. 16-1, pp. 503-506.

On April 19, 2021, De La Garza filed his second petition, alleging that he was actually innocent of the crime; he was coerced to sign the plea agreement; his counsel was ineffective; he was deprived of a fair trial; and he was not sentenced in accordance with the plea agreement. Dkt. No. 16-7, pp. 538-550.  On June 23, 2021, the petition was dismissed for being "noncompliant." Dkt. No. 16-10, p. 576.  The petition was considered noncompliant because it was not made "on the form prescribed by the Court of Criminal Appeals." TEX. R. APP. P. 73.1(a).

On July 16, 2021, De La Garza filed his third petition. Dkt. No. 16-13, p. 647.  In it, he alleged that: (1) he is actually innocent of the crimes; (2) his plea agreement mandated that he only receive 22 years of incarceration rather than 25 years; (3) he was coerced into signing the plea agreement; (4) he was deprived of a fair trial; and (5) his attorney was

ineffective for not interviewing witnesses or putting the case in front of a jury. Id., pp. 647-661.

On November 17, 2021, the Court of Criminal Appeals denied De La Garza's application "without written order." Dkt. No. 16-15, p. 687.  The denial indicated that the Court of Criminal Appeals rejected the petition on substantive grounds, rather than on procedural grounds. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (indicating that a "denial" signifies adjudication on the merits, while "dismissal" reflects a claim declined on grounds other than upon the merits).

### C. Federal Habeas Proceedings

On December 8, 2021, De La Garza filed his petition in the instant case in the Houston Division. Dkt. No. 1.  He alleges that (1) he was actually innocent of the crime; (2) he was deprived of a fair trial; (3) he was coerced into signing a plea agreement; and (4) his lawyer was ineffective for not filing any motions or putting the case in front of a jury. Id.

On December 16, 2021, the case was transferred to the Brownsville Division. Dkt. No. 3.

On December 17, 2021, the Court ordered the State to file the entire state record as well as a response to the petition. Dkt. No. 5.

On February 15, 2021, the State timely filed a response to the petition, arguing that De La Garza's petition was substantively meritless. Dkt. No. 17.

## II. Applicable Law

### A. Section 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

may not issue a <u>writ of habeas corpus</u> for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

<u>Riddle v. Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" <u>Simmons v. Epps</u>, 654 F.3d 526, 534 (5th Cir. 2011) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000)). "[A]n unreasonable application of federal law is different from an incorrect application of federal law." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" <u>Simmons</u>, at 534 (quoting <u>Williams</u>, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." <u>Woodfox v. Cain</u>, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." <u>Salazar v. Dretke</u>, 419 F.3d 384, 399 (5th Cir. 2005).

"Section 2254(d) reflects the view that <u>habeas corpus</u> is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error

correction through appeal." <u>Harrington</u>, 562 U.S. at 102–03 (2011) (internal quotation marks omitted).

"When a state court considers a claim on the merits, a federal habeas court's review is limited to the state-court record." <u>Ramirez v. Davis</u>, 780 Fed. App'x 110, 119 (5th Cir. 2019) (citing <u>Cullen v. Pinholster</u>, 563 U.S. 170, 185 (2011)).  As such, the Court must "give deference to the state court's decision unless it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (internal quotation marks omitted).

## III. Analysis

In analyzing the claims raised by De La Garza, a basic premise is that allegations by <u>pro se</u> litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981).  In this case, even allowing for the latitude due a <u>pro se</u>, this petition is meritless and should be denied.

### A. Actual Innocence

De La Garza alleges that he is actually innocent of the crimes he was convicted of. One of the most glaring failures of this assertion is that actual innocence is not a freestanding claim that is cognizable on federal <u>habeas</u> review. <u>Kinsel v. Cain</u>, 647 F.3d 265, 270 n.20 (5th Cir. 2011).  Federal courts only recognize actual innocence as a method by which a petitioner can raise otherwise untimely claims. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386-87 (2013).  De La Garza's claims are timely raised, so actual innocence is not applicable to these proceedings. <u>Almendarez v. Stephens</u>, 2016 WL 215474, at *5 (N.D. Tex. Jan. 19, 2016).

Furthermore, even if actual innocence was a freestanding claim, De La Garza's claim would still fail. The actual innocence standard "is demanding and permits review only in the extraordinary case." <u>House v. Bell</u>, 547 U.S. 518, 538 (2006) (internal quotations omitted); <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995) ("claims of actual

innocence are rarely successful."). In order to establish actual innocence, the petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>McQuiggin</u>, 569 U.S. at 386.

"To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. If the evidence was always within the defendant's personal knowledge or reasonable investigation, it is not considered to be new evidence for actual innocence purposes. <u>Hancock v. Davis</u>, 906 F.3d 387, 390 (5th Cir. 2018) (citing <u>Moore v. Quarterman</u>, 534 F.3d 454, 465 (5th Cir. 2008)).

Simply stated, there is no new reliable evidence in this case. De La Garza was accused of sexually assaulting his stepson while other people were sleeping, putting his hand on the boy's genitals, and making the boy touch De La Garza's genitals until he ejaculated. Dkt. No. 15-1, pp. 18-25. He was also accused of sexually assaulting a boy and a girl who lived with him, touching their genitals and sexually penetrating the boy when he was seven years old. Dkt. No. 15-1, pp. 41-51. De La Garza argues that there is no DNA evidence; such evidence would not be required or expected. There is no basis in the record for any reasonable fact-finder to conclude that De La Garza was actually innocent. Applying the accepted standard of review, this claim should be dismissed.

### B. Deprived of a Fair Trial

De La Garza states that he asked his attorney more than 20 times for a fair trial and was denied. Despite the claim, there is nothing in the state court record that substantiates the claim. Accordingly, the claim is meritless.

The Court interprets this allegation as asserting that De La Garza wanted to take his case to trial, but his lawyer forced him to plead guilty. The state court record is devoid of any evidence that corroborates his claim that he expressed to his attorney a desire to go to trial. As noted earlier, the Court must rely on the state court record in these proceedings. <u>Ramirez</u>, 780 Fed. App'x at 119. The Court will not rely solely on <u>post hoc</u> assertions that

De La Garza wanted to go to trial; he must provide contemporaneous evidence of that desire. U.S. v. Lozano, 757 F. App'x 348, 353 (5th Cir. 2018) (citing Lee v. U.S., — U.S. —, 137 S.Ct. 1958, 1967 (2017)).  This lack of contemporaneous evidence forecloses any claim of deficient performance by counsel. Murray v. Vannoy, 806 Fed. App'x 341, 342 (5th Cir. 2020) (citing Strickland, 466 U.S. at 687).  The Court must give deference to the state court's decision based on the record that was set before it. Hill, 210 F.3d at 485.  De La Garza has pointed to no evidence in the record that supports his claims.

"Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).  Accordingly, this claim is meritless and should be denied.

**C. Coercion**

De La Garza asserts that his lawyer coerced him to plead guilty.  As to the claim of coercion, De La Garza argues that his lawyer told him that he "would die in prison if we were to go to trial and lose." Dkt. No. 1, p. 8.  De La Garza also adds that his lawyer told his family that De La Garza would get a prison sentence of 100 years if he went to trial. Id.[2]  Even if the Court assumes that counsel's predictions were inaccurate, "reliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary." U.S. v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993).

Rather, if "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." Diaz v. Martin, 718 F.2d 1372, 1376-77 (5th Cir. 1983).  Furthermore, "as long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir. 1985).  De La Garza signed a plea agreement which laid out the maximum and minimum sentences for his convictions and he stated that he understood those terms. Dkt.

---

[2] The Court notes, in passing, that the police report states that De La Garza was already a registered sex offender at the time of the instant offense. Dkt. No. 15-1, p. 22.

No. 15-1, p. 12.  The state court did not act unreasonably in finding that De La Garza's plea was voluntary.  This claim is meritless.

### D. Failure to Investigate

De La Garza asserts that his attorney failed to interview witnesses, file motions, or take the case to a jury.  In order to prevail on a claim of failure to investigate, De La Garza "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Druery v. Thaler, 647 F.3d 535, 541 (5th Cir. 2011). De La Garza makes no such showing, instead arguing that the mere fact that if counsel had done these things, "I think the end result would have been different." Dkt. No. 1, p. 10. This claim is conclusory, unsupported, and should be denied.

De La Garza does not cite any specific motions that counsel should have filed or how those motions would have changed the outcome of the case.  A general argument that counsel should have filed motions does not show either deficient performance or prejudice. Slaughter v. Stephens, 2015 WL 925890, at *8 (S.D. Tex. Mar. 3, 2015).  This claim is meritless and should be dismissed.

As to the claim that his lawyer failed to take the case to a jury, De La Garza pled no contest to the charges.  "A defendant's statement that his plea is knowing and voluntary creates a presumption that the plea is valid." U.S. v. Avila-Jaimes, 681 F. App'x 373, 375 (5th Cir. 2017).  De La Garza signed a plea agreement in which he stated that he was not threatened to enter into a plea; was not promised anything to enter his plea; and that he understood the maximum sentence associated with his plea. Dkt. No. 15-1, pp. 11-12.  De La Garza has provided no facts to overcome this presumption.  "When an accused enters a plea of no contest, he waives his right to testify in his own behalf, the right to a jury trial and the right to confrontation." Fisher v. Wainwright, 584 F.2d 691, 693 (5th Cir. 1978). Accordingly, counsel was not ineffective for not taking the case to a jury when De La Garza knowingly and voluntarily waived his right to a jury trial. See U.S. v. Hutchings, 227 F. App'x 499, 501 (7th Cir. 2007) (the defendant's "right to a fair trial was not prejudiced because he elected to plead guilty rather than go to trial").  This claim is meritless.

## IV. Recommendation

It is recommended that Eric De La Garza's petition for <u>writ of habeas corpus</u> by a person in state custody, pursuant to 28 U.S.C. § 2254, be denied.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." <u>Druery v. Thaler</u>, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing <u>Barrientes v. Johnson</u>, 221 F.3d 741, 772 (5th Cir. 2000)).  The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing De La Garza's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although De La Garza's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made.  The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on March 9, 2022.

Ronald G. Morgan
United States Magistrate Judge