United States District Court
Southern District of Texas
**ENTERED**
July 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERIC DE LA GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-194 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER AND OPINION

In December 2021, Plaintiff Eric De La Garza, proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Doc. 1)  De la Garza raises four issues in his petition, including that he is actually innocent, that he received ineffective assistance of counsel, that he was deprived of a fair trial, and that he was coerced into signing a plea agreement. (*Id.* at 6–11)

A United States Magistrate Judge recommends that De la Garza's petition be denied as substantively meritless. (R&R, Doc. 18)  In three sets of objections, De la Garza reasserts the four issues that he raised before the Magistrate Judge and additionally argues that the State of Texas breached his plea agreement. (Objections, Docs. 23, 27, 28)  The Court reviews the portions of the Report and Recommendation to which De la Garza objects *de novo* and all other portions for clear error. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Based on the record and the applicable law, the Court concludes that the Report and Recommendation correctly applies the law to the alleged facts.  Actual innocence is not a freestanding, cognizable claim for federal habeas corpus review. *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003).  Furthermore, De la Garza points to nothing in the record that indicates his attorney's performance was deficient or that any deficiency prejudiced him. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  In addition, De la Garza fails to identify anything in the record prior to or contemporaneous with his plea indicating he would have pleaded differently or demanded

a trial "but for his attorney's deficiencies".  *See Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).  Finally, De la Garza relies on no evidence, other than his own conclusory statements, sufficient to prove "the underlying facts that establish a breach [of his plea agreement] by a preponderance of the evidence."  *United States v. Hernandez*, 17 F.3d 78, 81 (5th Cir. 1994); *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993).

De la Garza requests an "expansion" of the record to include documents related to his post-conviction proceedings.  (Objections, Doc. 28, 1)  But the Magistrate Judge ordered the Government to submit "any and all records relating to De la Garza's trial, direct appeals, and state post-conviction proceedings" (Order, Doc. 5), and the Government complied (State Court Records, Doc. 15).  As a result, the records include the entire state-court record, including those related to De la Garza's post-conviction proceedings.  De La Garza's request to expand the record is moot.

As a result, the Court **OVERRULES** De la Garza's objections and **ADOPTS** the Report and Recommendation (Doc. 18). It is:

**ORDERED** that Plaintiff Eric De La Garza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** as meritless.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that De la Garza fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, the Court **DENIES** a Certificate of Appealability.

This Order is a final and appealable judgment.

The Clerk of Court is directed to close this matter.

Signed on July 14, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge